CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 08 2008

JOHN F. CORCORAN, CLERK
BY: /s/ S. Quillen
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERNARD BROWN,<br>Plaintiff, | )<br>) Civil Action No. 7:08-cv-00597<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| DEBORAH MCKNIGHT,<br>FOOD SERVICE DIRECTOR,<br>Defendant. | )<br>) By: Hon. Glen E. Conrad<br>) United States District Judge |

Plaintiff Bernard Brown, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Brown alleges that prison officials at Red Onion State Prison ("Red Onion") should compensate him for serving him cake that contained a steel ball bearing and for denying him prompt dental care for the broken tooth he suffered while chewing that food.[1] Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[2]

## Background

Brown alleges the following sequence of events from which his claims arise. On March 14, 2007, during the lunch meal, officers served Brown a piece of cake. When he bit down on it, his Number 18 tooth on the top side of his jaw struck a round steel ball inside the cake. The tooth broke off down to the gum line. A supervisory officer took the tray, retrieved the object, and said it looked like a ball bearing.[3] Brown complains that food service personnel prepared and served the meal containing the foreign object, so they should be liable for his injury.

---

[1] The only defendant that Brown names in the heading of his complaint is Deborah McKnight, whom he identifies as the Food Service Director.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[3] In his grievances about this incident, Brown says that the object appeared to be a shot gun pellet.

1

Immediately after the incident, the supervisory official called the medical department and informed them that Brown needed to be seen. Less than an hour later, Brown filed an emergency grievance, and the nurse responded that he was on the list to see the dentist. Brown was told that a nurse would see him when she came to pass out medications, but later discovered that a nurse would see him only if he filed a sick call request. When Brown filed another emergency grievance on March 22, 2007, the response informed him that he was on the list to see the dentist and would be getting some medication. On March 27, 2007, Brown explained the problem and showed the broken tooth to a prison investigator, who called the medical unit on Brown's behalf.

When the dentist examined the broken tooth on April 2, 2007, he advised Brown that because the break was on the side, the tooth would not hold a filling. If nothing was done, the dentist advised, Brown would continue to suffer pain in the area from cold, hot, or sweet foods. The option the dentist recommended was to perform oral surgery to remove the tooth. This surgical extraction was performed on April 30, 2007.

## Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Factual allegations must be enough to raise a right to relief above the speculative level and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To state such a claim, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he

has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant official acted with deliberate indifference toward the risk of harm—that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that the official disregarded the risk by failing to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Under these principles, Brown's allegations fail to state any constitutional claim. He does not allege facts indicating that any prison official had prior notice that foreign objects of any kind had been placed in prisoners' food, in the recent past or on the day when Brown suffered his injury. If officials did not actually know of the risk before Brown was injured, their failure to alleviate the risk cannot be deliberate indifference under Wilson. Accordingly, Brown fails to state any constitutional claim against officials for failing to protect him from the risk of injuring himself on a foreign object in his food.

Brown also alleges that the food service officials were negligent in failing to prevent foreign objects from being placed in the food. Mere negligence is not sufficient to give rise to any constitutional claim. Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995). As plaintiff's allegations fail to state any actionable constitutional claim, the court finds that this portion of the lawsuit must be dismissed, pursuant to §1915A(b)(1).

III

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer, 511 U.S. at 834. A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt

3

v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). An inmate is not entitled to unqualified access to health care; rather, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

On the heading of his complaint, Brown fails to identify any individual officials as defendants to his claim that officials did not provide him with prompt dental care. In any event, his allegations fail to state any constitutional claim. First, he does not allege facts indicating that his broken tooth, even if painful to him when he ate certain types of food, was the sort of injury that presents any risk of serious harm if left untreated for a time. Brown offers no indication that the tooth bled or that it caused him any discomfort when he was not eating cold, hot, or sweet foods. After nurses told him that he was on the list to see the dentist and he complained about the delay, they told him that he could file a sick call request if he wanted to be seen in the medical unit; yet, there is no indication that he ever followed this procedure. In short, he fails to demonstrate that his injury posed a serious medical need for emergency treatment

Second, his allegations do not demonstrate that officials knew Brown needed emergency treatment for his broken tooth. While Brown himself filed "emergency" grievances and wanted immediate treatment after the incident, his own desire for quicker treatment does not prove that officials knew that his injury warranted such treatment. Officials placed him on the dentist's list immediately, and advised him how to proceed if he wanted to see medical staff in the meantime. The dentist examined him within 19 days after the injury. This minor delay is hardly more than a private citizen might suffer, waiting for an available appointment time. As nothing in plaintiff's complaint indicates that prison officials had any knowledge of a serious medical need for Brown to receive expedited dental care, the court is satisfied that plaintiff can prove no constitutional claim

4

here. Therefore, the court will dismiss his § 1983 claims without prejudice, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 5th day of December, 2008.

*[signature]*
United States District Judge